IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE MARTINEZ,

    Plaintiff,                   CV F 05 1264 AWI WMW P

  vs.                               ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND

MATTHEW C. KRAMER, et al.,

    Defendants.

       Plaintiff is a former state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

       This action proceeds on the first amended complaint, filed in response to an order dismissing the original complaint and granting Plaintiff leave to file an amended complaint. Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at Corcoran State Prison, brings this civil rights action against defendant correctional officials employed by the Department of Corrections at the Sierra Conservation Center at Jamestown.

       In the order dismissing the original complaint, the Court noted the following. Plaintiff's claim in this complaint is that defendants have not provided him with adequate medical care. Specifically, plaintiff alleges that he has been diagnosed with a hiatal hernia. This diagnosis

came after plaintiff had been seen by prison medical officials and after a referral to an outside physician.  Plaintiff's statement of claim consists of two paragraphs reciting the history of his medical treatment.  The gravamen of Plaintiff's complaint is in the second paragraph: "As previously stated I suffer constantly from this ailment, and although seen and examined by numerous SCC and outside doctors, I have been refused proper and adequate medical attention there the continued failure by medical staff to adequately treat a diagnosed ailment, may cause and is causing severe pain and irreparable damage."

The statute under which this action proceeds plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which the complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Under the Eighth Amendment, the government has an obligation to provide medical care to those who are incarcerated.  See Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000).  "In order to violate the Eighth Amendment proscription against cruel and unusual punishment, there must be a 'deliberate indifference to serious medical needs of prisoners.'" Id. (quoting Estelle v. Gamble, 429 U.S. 97. 104 (1976)).  Lopez takes a two-prong approach to evaluating whether medical care, or lack thereof, rises to the level of "deliberate indifference."  First, a court must examine whether the plaintiff's medical needs were serious.  See Id.  Second, a court must determine whether "officials intentionally interfered with [the plaintiff's] medical treatment." Id. at 1132.

Here, plaintiff levels vague allegations of inadequate medical care, but he does not plead

1  specific facts that satisfy the above standard.  In order to state a claim, plaintiff must allege facts
2  indicating that each named defendant knew of and disregarded a serious medical condition of
3  plaintiff's.   The court finds the allegations in plaintiff's complaint vague and conclusory.   The
4  court has determined that the complaint does not contain a short and plain statement as required
5  by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a
6  complaint must give fair notice and state the elements of the claim plainly and succinctly.  <u>Jones</u>
7  <u>v. Community Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at
8  least some degree of particularity overt acts which defendants engaged in that support plaintiff's
9  claim.  <u>Id.</u>  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P.
10  8(a)(2), the complaint must be dismissed.
11         Pursuant to that order, Plaintiff filed the first amended complaint.  In the first amended
12  complaint, Plaintiff re-states the allegations of the original complaint.  Plaintiff alleges conduct
13  as to doctors and medical staff in general, but fails to allege specific facts as to any named
14  Defendants.  Plaintiff has been advised that in order to state a claim, he must allege facts
15  indicating that individual defendants knew of and disregarded a serious risk to Plaintiff's health,
16  resulting in injury to Plaintiff.  Plaintiff has failed to do so in the first amended complaint.  The
17  court will, however, grant Plaintiff leave to file a second amended complaint.
18         If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
19  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  <u>See</u>
20  <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms
21  how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless
22  there is some affirmative link or connection between a defendant's actions and the claimed
23  deprivation.  <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir.
24  1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).
25         In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to
26

make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's first amended complaint is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint." Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

**Dated:    March 25, 2008**           /s/  **William M. Wunderlich**
                                        UNITED STATES MAGISTRATE JUDGE